UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ROBERT L. DICKERSON, on Behalf of Brandon Dickerson,

Plaintiff,

-against-

QUEENS NASSAU NURSING HOME INC. and THOMAS CONE, ESQ.,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
26-CV-6976 (EK)(PK)

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Dickerson's thirty-five-year-old son, Brandon Dickerson, has a traumatic brain injury. Pet. 3, ECF No. 1. As a result, a New York state court has placed Brandon under a guardianship. *Id.* at 2. The guardian it appointed is Brandon's sister, Geneva Dickerson. *Id.*

Three years ago, plaintiff, purporting to act as Brandon's representative, asked this Court to end the guardianship. Plaintiff is not a lawyer. *Dickerson v. Dickerson*, No. 23-CV-3859, 2023 WL 3931696 (E.D.N.Y. June 9, 2023).[1] This Court dismissed that action, observing, among other things, that "non-attorneys" may not "bring suit on behalf of

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

adults who are not competent to handle their own affairs." *Id.* at *2.

Plaintiff now returns to federal court, again attempting to proceed on Brandon's behalf. Plaintiff asks the Court to order defendants, Queens Nassau Rehabilitation Center and its lawyer, Thomas Cone, to release Brandon to him. Pet. 6. He also requests a temporary restraining order enjoining defendants from maintaining physical custody of Brandon. *Id.*

Once more, plaintiff is not entitled to represent Brandon because he is not a lawyer. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133-34 (2d Cir. 2009); *see also Dickerson*, 2023 WL 3931696, at *2 (dismissing claims brought by plaintiff on behalf of Brandon for the same reason). Even if plaintiff were a lawyer, he could not necessarily proceed. Federal Rule of Civil Procedure 17(c) governs who may sue on behalf of an incompetent individual. That rule sets forth that plaintiff may do so only if Brandon "does not have a duly appointed representative." Fed. R. Civ. P. 17(c)(2). Brandon has one: Geneva Dickerson. Pet. 2.

Plaintiff refers to his filing as a habeas petition, and it bears noting that the rules dictating who may proceed on behalf of another are perhaps different in habeas than in ordinary civil actions. *Compare* 28 U.S.C. § 2242, *and Whitmore*

*v. Arkansas*, 495 U.S. 149, 163–64 (1990), *with* Fed. R. Civ. P. 17(c)(2). But this case is, in substance, an ordinary civil action. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). Brandon is not in custody in that sense; he resides at a nursing facility at the direction of his court-appointed guardian. *See* ECF No. 1-1, at 3. Federal habeas relief "has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cnty. Child.'s Servs. Agency*, 458 U.S. 502, 511 (1982). Similarly, persons held under guardianships are not "in custody" for purposes of Section 2241. *See Hemon v. Off. of Pub. Guardian*, 878 F.2d 13, 15 (1st Cir. 1989). Rule 17(c) therefore governs, and it bars plaintiff from suing for Brandon.

Thus, the motion for a temporary restraining order is denied. By November 13, 2026, in a letter not to exceed three pages, plaintiff is ordered to show cause why this action should not be dismissed for the reasons set forth in this Order. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to Regina Kiperman, Esq., counsel for

Geneva Dickerson, at 40 Wall Street, Suite 2508, New York, New York 10038, and to note both mailings on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: November 2, 2026
Brooklyn, New York